UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MICHAEL LECLAIRE,

      Plaintiff,

                        CASE No. 2:22-CV-10726
v.                       HON. GEORGE CARAM STEEH

L. PARISH, WARDEN, et al.,

      Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING PLAINTIFF TO AMEND COMPLAINT

Plaintiff David Michael LeClaire, a state prisoner currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff, who requires the use of a wheelchair due to the amputation of his right leg and hip, alleges violations of his rights under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act (ADA), when he was improperly housed and did not receive medically necessary accommodations on placement at the Charles E. Egeler Reception and Guidance Center (RGC) in Jackson, Michigan. He also complains of deliberately indifferent medical care after a locker fell on him, causing spinal and internal pain. The plaintiff originally filed his complaint in the

Federal District Court, Western District of Michigan, but as his claims arose in the Eastern District, that court transferred the matter here.[1] (ECF No. 3.) The plaintiff has been granted *in forma pauperis* status. (ECF No. 7.)

The plaintiff names five defendants: the warden, deputy warden, two assistant deputy wardens, and a residential unit manager, all employed at RGC, as responsible for his injuries and the failure to accommodate his needs. (ECF No. 1.) Upon review of the complaint, the Court concludes the plaintiff has failed to state a claim against the defendants and they will be dismissed from the complaint pursuant to 28 U.S.C. § 1915(g). However, because the plaintiff potentially has a claim for deliberate indifference to his serious medical needs, if he wishes to proceed on that, he must file an amended complaint identifying the defendants responsible for the denial or delay of his medical care and providing a factual basis for their liability. An explanation follows.

I.

On arrival at the Charles E. Egeler Reception and Guidance Center (RGC), the plaintiff's medical orders stated he was to receive barrier-free and wheelchair accessible housing and appropriate accommodations for

---

[1] The Western District court noted it had not reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, or 42 U.S.C. § 1997e(c). (ECF No. 3, PageID.20.)

his amputee status. (Pet., ECF No. 1, PageID.5.) On December 8, 2021, the plaintiff was placed in a two-person cell which was too small for the entry or use of a wheelchair and otherwise "ill-equipped for handicapped inmates." (*Id.* at PageID.4.) The cell lacked bars for restroom use and an emergency device to call for help. On December 20, when the plaintiff's cellmate was diagnosed with COVID, he was relocated to a single-person cell which was still neither designed nor equipped for disabled prisoners. (*Id.*)

In the same area, the plaintiff was forced to use shower facilities which were very dangerous for him. That is, he was required to carry a medically necessary shower chair over a raised threshold. (*Id.* at PageID.5.) Plaintiff was then required to travel another ten feet across a wet tile floor, all without his wheelchair. (*Id.*) Because the shower facilities lacked handheld shower nozzles or other accommodation, the plaintiff was also forced to stand while showering to properly clean himself. (*Id.*) The plaintiff identifies no injuries associated with this lack of accommodation.

In January 2022, the plaintiff was moved to a handicapped cell in another unit. (*Id.* at PageID.6.) However, this cell had no emergency cord or other device to alert staff if needed. (*Id.*) On January 15, 2022, the plaintiff lost his balance while getting dressed. When he reached for his

locker to stabilize himself, the unanchored locker fell on him and pinned him to the floor. (*Id.*) Without an emergency notification device, he had to yell for corrections staff, who eventually arrived to remove the locker from him and help him into his wheelchair. (*Id.*)

The plaintiff made repeated requests for X-rays and related care, as he was experiencing both internal and spinal pain. (*Id.* at PageID.7.) He did not receive an X-ray until February 11, nearly a month later. (*Id.*) As of the filing of the complaint, the plaintiff has not received the results nor follow up care. (*Id.*)

The complaint names five defendants. The plaintiff asserts that Warden L. Parish has a "duty to oversee all operations" of the facility. (*Id.*) He alleges that Dep. Warden K. Cargor, and Ass't Dep. Wardens J. Malloy and P. Slagter were all "officially and personally involved." (*Id.*) Finally, the plaintiff claims Residential Unit Manager (RUM) R. Pearl had the "duty of placing inmates and assuring minimum standards are met" and that Pearl is thus "directly responsible." (*Id.* at PageID.7-8.)

For relief, the plaintiff requests a court order to properly equip the facility for handicapped prisoners. (*Id.* at PageID.9.) He also requests money damages for his pain and suffering and for the time he was inadequately housed and medically cared for, from December 8, 2021 to

March 3, 2022. (*Id.*) He invokes his rights under the Eighth and Fourteenth Amendments as well as the Americans with Disabilities Act.[2] (*Id.*)

## II.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court must screen for colorable merit every prisoner complaint filed against a state or governmental entity, and is required to dismiss those prisoner actions in which the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact and may be dismissed if it is "based on legal theories that are indisputably meritless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

---

[2] The plaintiff also cites 18 U.S.C. § 242 as a basis for relief. However, he "cannot pursue a claim under § 242 because the criminal statute does not create a private cause of action." *Otworth v. Dorwin*, No. 20-2153, 2021 WL 2104499, at *2 (6th Cir. May 11, 2021) (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) (other citation omitted).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*.

To establish a *prima facie* civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### III.

**A. The plaintiff has failed to state a claim against the defendants**

In screening the case under the PLRA, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true," and determine whether he has stated a claim for relief that is facially plausible. *Hill v. Snyder*, 878 F.3d at 203. Here, the plaintiff has not adequately stated a claim against the defendants to provide fair notice of the claims against them, nor does he establish their individual liability based on each defendant's conduct.

Specifically, the allegation against Defendant Parish is simply that he has a "duty to oversee all operations" of the facility. (ECF No. 1, PageID.7.) Plaintiff does not link any specific conduct by Parish to his injuries nor the violations of his rights. As explained above, Parish's oversight responsibilities establish at most vicarious liability, which is not available in a civil rights complaint under section 1983.

Similarly, his assertion that Defendants Cargor, Malloy, and Slagter were all "officially and personally involved" (*id*.) presents only bare legal conclusions, and is thus insufficient under *Twombly*. Finally, the plaintiff's sole allegation against Defendant Pearl is that Pearl had a duty to place inmates and ensure minimum standards were met. (*Id.* at PageID.7-8.) This again fails to provide a factual basis to provide Pearl notice of the claim against him, and fails to establish any liability on Pearl's part.

As a result, all five defendants will be dismissed from the complaint.

**B. The plaintiff may amend his complaint to identify defendants responsible for deliberate indifference to his serious health care needs**

The plaintiff's allegations against the named defendants fails to state a viable constitutional claim against them. However, the plaintiff's allegations involving the accident in his cell, the delay until X-rays were obtained, the lack of results or follow-up care, and his pain and suffering

does establish potential claims that would survive screening. To establish a case of deliberate indifference, plaintiffs must show both "a sufficiently serious medical need" and "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citations and internal quotation marks omitted). The plaintiff's potential spinal and internal injuries appears to be a "sufficiently serious medical need."

However, to proceed on these claims, the plaintiff must name defendants responsible for the denial of care, with a specific factual basis to support their liability. The Court will permit the plaintiff to file an amended complaint addressing his deliberate indifference claims and naming the proper defendants who denied or delayed medical care in violation of his federal and constitutional rights.

## IV.

For the reasons stated above, the plaintiff has failed to state a claim against defendants Parish, Cargor, Malloy, Slagter, and Pearl, and they will be **DISMISSED** from the complaint pursuant to 28 U.S.C. § 1915(g).

If the plaintiff wishes to proceed with this lawsuit, he is **ORDERED** to file an amended complaint within sixty (60) days of this order, containing the names of each Defendant, the constitutional claim(s) for relief

attributable to each defendant, the factual allegations supporting each claim, and the injuries suffered by Plaintiff.

**IT IS SO ORDERED.**

Dated: June 13, 2022

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 13, 2022, by electronic and/or ordinary mail and also on David Michael LeClaire #551505, Saginaw (MSP), Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI 48623.

s/Brianna Sauve
Deputy Clerk

---